UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Appellant,<br><br>v.<br><br>JULIEN GIRAUD JR. and<br>JULIEN GIRAUD III,<br>　　　　Appellees. | Appeal No. 25-2635 |
| UNITED STATES OF AMERICA,<br>　　　　Appellant,<br><br>v.<br><br>CESAR HUMBERTO PINA,<br>　　　　Appellee. | Appeal No. 25-2636 |

**CONSENT MOTION TO EXPEDITE THESE
APPEALS FOR BRIEFING AND DISPOSITION**

　　With the consent of Appellees Julien Giraud Jr. and Julien Giraud III in Appeal No. 25-2635 and Appellee Cesar Humberto Pina in Appeal No. 25-2636, the United States hereby moves under Federal Rule of Appellate Procedure 3(b) and Local Appellate Rule 4.1 to expedite these appeals for disposition by the next available panel. The parties respectfully submit that those procedural steps are appropriate for the following reasons.

　　1.　　The Girauds and Pina each moved to dismiss their respective indictments and to disqualify Alina Habba and anyone she supervises from

participating in their prosecutions. The Hon. Michael A. Chagares, Chief Judge of the United States Court of Appeals for the Third Circuit, designated the Hon. Matthew W. Brann, Ch. U.S.D.J., for service in the District of New Jersey pursuant to 28 U.S.C. § 292(b) and reassigned *Giraud* "and all related cases" to Chief Judge Brann for disposition of the Girauds' motion and similar ones. The Hon. Madeline Cox Arleo, U.S.D.J., subsequently transferred *Pina* to Chief Judge Brann as a related case.

2. After denying the Girauds' motion to dismiss their indictment and ordering additional briefing on their disqualification motion, *Giraud* Docket Entry 117, Chief Judge Brann consolidated Pina's similar motion for disposition with what remained of the Girauds' motion. *Id.*, Docket Entry 133. Chief Judge Brann heard oral argument in both cases on Friday, August 15, 2025, ordered supplemental briefing in both cases, and disposed of what remained of the Girauds' motion and Pina's entire motion by an order and opinion entered in both cases. *Giraud* Docket Entries 138–145; *Pina* Docket Entries 62–69.

3. In that order, Chief Judge Brann disqualified Ms. Habba and anyone she supervises from participating in the *Giraud* and *Pina* prosecutions. *Giraud* Docket Entry 145, ¶¶ 1–2, 4–5; *Pina* Docket Entry 69, ¶¶ 1–2, 4–5. Chief Judge Brann also deemed void Ms. Habba's signature on the *Pina* indictment, but declined to dismiss that indictment after concluding the absence of a valid signature from an attorney for the government was harmless

error. *Pina* Docket Entry 69, ¶¶ 2–3. Finally, Chief Judge Brann stayed his order "and its effects … pending appellate proceedings in these matters." *Giraud* Docket Entry 145, ¶ 7; *Pina* Docket Entry 69, ¶ 7.

4. With the authorization of the Solicitor General, on Monday, August 25, the United States filed timely notices of appeal from those orders. *Giraud* Docket Entry 146; *Pina* Docket Entry 70. This Court promptly entered an order consolidating both appeals for all purposes while permitting the Girauds and Pina to file either a consolidated brief or separate briefs. The parties thank the Court for that prompt action.

5. The parties agree that the Government's appeals raise common issues regarding whether Ms. Habba can serve as the Acting United States Attorney for the District of New Jersey under the Federal Vacancies Reform Act and, if she cannot, whether she can supervise and conduct the criminal proceedings in these cases, in her capacity as Special Attorney and First Assistant United States Attorney, pursuant to a delegation of authority from the Attorney General. The parties also agree that these issues of exceptional public importance should be resolved as quickly as reasonably possible.

6. Even before Chief Judge Brann had issued his August 21 opinion and order, at least 12 District Judges in the District of New Jersey had begun adjourning matters pending the resolution of these questions. Those adjourned matters include at least three trials that had been scheduled to begin in September, several guilty plea hearings, several sentencing hearings and a

hearing on a post-trial Rule 29 motion. And shortly after Chief Judge Brann issued his opinion and order, yet another sentencing hearing was adjourned, in a matter jointly prosecuted by the United States Attorney's Office for the District of New Jersey and the Fraud Section of the Criminal Division of the Department of Justice. The District Judge in that matter took that step even though Chief Judge Brann stayed his order and its effects pending appeal. The longer it takes to resolve these appeals, the greater the risk that still more matters will be adjourned indefinitely, contrary to the interests of the Government, defendants, and the public in the disposition of criminal cases.

7. Accordingly, the parties have agreed to the following expedited briefing schedule:

    a. The United States shall file its principal brief by Friday, September 12, at 5 p.m.

    b. The Defendants shall file their principal briefs by Monday, October 6, at 5 p.m.

    c. The United States shall file its reply brief by Tuesday, October 14, at 5 p.m.

    d. Any amicus curiae shall file its brief by 5 p.m. on the day the principal brief is due for the side that amicus curiae is supporting.

8. This briefing schedule would complete merits briefing in time for a merits panel, if available, to hear any oral argument in the appeals in late October or early November, all with the hope that the merits panel could issue

its opinion as soon as reasonably practicable after any oral argument. The briefing schedule also accommodates major Jewish holidays, including Rosh Hashanah, Yom Kippur and Sukkot, as well as Columbus Day, a legal holiday during which this Court will be closed, Fed. R. App. P. 26(a)(6)(A).

9. The parties make these requests mindful of the burden granting them would impose upon this Court and whichever panel is assigned these appeals. The parties greatly appreciate this Court's consideration.

For all these reasons, with the consent of the Girauds, Pina, and their respective counsel, the United States respectfully requests that this Court expedite these appeals for disposition by the next available panel under the expedited briefing schedule to which the parties have consented.

Respectfully submitted,

PAMELA J. BONDI
U.S. Attorney General

TODD BLANCHE
U.S. Deputy Attorney General

HENRY C. WHITAKER
Counselor to the Attorney General

ALINA HABBA
Acting U.S. Attorney
Special Attorney

*/s/ Mark C. Coyne*
Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division
(973) 297-2002

Dated: August 26, 2025

## CERTIFICATION OF COMPLIANCE AND SERVICE

I hereby certify that this filing complies with typeface, type style and length limits of Federal Rule of Appellate Procedure 27(d). The filing contains 955 countable words and was prepared using Microsoft Word for Microsoft 365 MSO's 14-point proportionally spaced Calisto MT typeface.

I further certify that this filing was prepared on a computer automatically protected by an updated version of Trellix Endpoint Security and no virus was detected.

I further certify that on August 26, 2025, I caused a copy of this motion to be served, by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system, on all counsel of record in this case, and that I emailed to those counsel a copy of this motion.

*[signature]*
Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division

Dated: August 26, 2025