

U.S. Department of Justice

950 Pennsylvania Avenue N.W.
Washington, DC 20530-0001

September 5, 2025

The Honorable Patricia S. Dodszuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *United States v. Giraud*, No. 25-2635
*United States v. Pina*, No. 25-2636

Dear Ms. Dodszuweit,

The government respectfully submits this letter brief in response to the Court's September 2, 2025 order directing the parties to address the proper scope of these appeals.

1. The government agrees with the Court's suggestion that, under the collateral-order doctrine, the only portion of the district court's interlocutory order that is currently appealable is the order disqualifying Ms. Habba from participating in the prosecution of these matters and supervising any Assistant United States Attorney prosecuting these matters. *See* Dkt. 145.[1] This Court's jurisdiction is normally limited to "appeals from . . . final decisions of the district courts of the United States." 28 U.S.C. § 1291. "This final judgment rule requires that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits. In a criminal case the rule prohibits appellate review until conviction and imposition of sentence." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (quotation marks omitted).

The collateral order doctrine is an exception to this rule that permits appeal of a small class of interlocutory orders under § 1291 before a final judgment on the merits. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Such orders must (1) conclusively determine the disputed question, (2) resolve an important issue that is completely separate from the merits of the dispute, and (3) be effectively unreviewable on appeal from a final judgment. *See United States v. Whittaker*, 268 F.3d 185, 191 (3d Cir. 2001).

---

[1] "Dkt." refers to the docket number in *United States v. Giraud*, No. 24-cr-768.

This Court squarely held in *Whittaker*, 268 F.3d at 191-93, that an order disqualifying a United States Attorney from participating in a prosecution is an immediately appealable collateral order. That governs the jurisdictional issue in this appeal. In *Whittaker*, 268 F.3d at 192, this Court held that an order disqualifying the United States Attorney for the Eastern District of Pennsylvania from participating in the defendant's prosecution "[p]lainly" meets the criteria for the collateral order doctrine. As in this case, the order conclusively determined that the U.S. Attorney was disqualified from the prosecution; it "unquestionably" resolved an important issue completely separate from the merits of the underlying criminal charges; and the order "almost certainly" would be unreviewable later in the case because the United States cannot appeal from a judgment of not guilty (for constitutional reasons) or a judgment of guilty (as the prevailing party). *Id.* Numerous courts of appeals have reached the same conclusion. *See id.* at 193 (citing *United States v. Vlahos*, 33 F.3d 758, 761 (7th Cir. 1994); *In re Grand Jury Subpoena of Rochon*, 873 F.2d 170, 173 (7th Cir. 1989); *United States v. Caggiano*, 660 F.2d 184, 189-90 (6th Cir. 1981)); *see also United States v. Williams*, 68 F.4th 564, 571 (9th Cir. 2023); *United States v. Bolden*, 353 F.3d 870, 874-78 (10th Cir. 2003); *United States v. Under Seal*, 757 F.2d 600, 602 & n.1 (4th Cir. 1985).

2. The only topics addressed in the district court's August 21, 2025 opinion that are the basis for the disqualification aspect of the order are: (1) whether Ms. Habba is validly serving as Acting U.S. Attorney for the District of New Jersey pursuant to the Federal Vacancies Reform Act of 1998, 5 U.S.C. § 3345 *et seq.*; and (2) whether Ms. Habba can participate in the defendants' prosecutions pursuant to the Attorney General's delegation of prosecutorial and supervisory authority to Ms. Habba in her capacity as Special Attorney and First Assistant U.S. Attorney for the District of New Jersey. The district court addressed the first issue at pages 21-22, 30-48, and 71-73 of the opinion (Dkt. 144) and the second issue at pages 48-71 of the opinion. Those two topics are the only issues that the government intends to raise in its opening brief on appeal.

3. Other aspects of the district court's order are not appealable under the collateral order doctrine. First, the portion of the district court's order denying Cesar Pina's motion to dismiss his indictment is not appealable. Pina has not cross-appealed and could not cross-appeal because the denial of a motion to dismiss an indictment is not a collateral order. Pina can appeal the denial of his motion to dismiss the indictment on appeal from any final judgment of conviction. Courts have frequently held that interlocutory orders denying motions to dismiss indictments are not immediately appealable as collateral orders. *See United States v. MacDonald*, 435 U.S. 850, 857, 863 (1978); *Abney v. United States*, 431 U.S. 651, 662-63 (1977); *United States v. Soriano Nunez*, 928 F.3d 240, 243-44 (3d Cir. 2019); *United States v. Fisher*, 871 F.2d 444, 452 (3d Cir. 1989). The rare exceptions for such motions based on the Double Jeopardy Clause, the Speech or Debate Clause, and Presidential immunity do not apply here. *See Abney*, 431 U.S. at 659-60; *Helstoski v. Meanor*, 442 U.S. 500, 507-08 (1979); *Trump v. United States*, 603 U.S. 593 (2024). For the same reasons, the district court's earlier denial of

2

the Girauds' motion to dismiss their indictments on August 1, 2025, *see* Dkt. 117, also is not appealable (and the Girauds did not file a timely notice of appeal from that denial in any event, *see* Fed. R. App. P. 4(b)(1)(A)).

Second, the district court also addressed when Ms. Habba's appointment as interim U.S. Attorney under 28 U.S.C. § 546(a) expired, *see* Dkt. 144 at 22-30, 72, and ordered that Ms. Habba's July 7, 2025 signature on Pina's indictment was void, *see* Dkt. 145 at 2. Under the district court's reasoning, those issues are not relevant to the validity of Ms. Habba's current service as Acting U.S. Attorney (and as Special Attorney and First Assistant U.S. Attorney) and thus are not relevant to the prospective disqualification order on appeal. The district court wrongly concluded that Ms. Habba's interim appointment expired on July 1, 2025, and that Desiree Grace became the interim U.S. Attorney pursuant to a judicial appointment on July 22, 2025, *see* Dkt. 144 at 30, 72, but the defendants did not dispute and the district court accepted that the President validly removed Ms. Grace as interim U.S. Attorney on July 26, 2025, *id.* at 8-9, 33, 73. Accordingly, even under the district court's reasoning, the office of U.S. Attorney is currently vacant. Because this appeal concerns the validity of Ms. Habba's current service as Acting U.S. Attorney, the government does not intend to raise in its opening brief the issue of when Ms. Habba's earlier appointment as interim U.S. Attorney expired.

| | |
|---|---|
| September 5, 2025 | Respectfully submitted, |
| | PAMELA J. BONDI<br>*Attorney General* |
| | TODD BLANCHE<br>*Deputy Attorney General* |
| | HENRY WHITAKER<br>*Counselor to the Attorney General* |
| | MATTHEW R. GALEOTTI<br>*Acting Assistant Attorney General* |
| ALINA HABBA<br>*Acting U.S. Attorney*<br>*Special Attorney* | s/ Katherine Twomey Allen |
| MARK E. COYNE<br>*Supervisory Assistant U.S. Attorney*<br>*Chief, Appeals Division*<br>*District of New Jersey* | KATHERINE TWOMEY ALLEN<br>*Criminal Division*<br>*U.S. Department of Justice*<br>*950 Pennsylvania Avenue NW*<br>*Washington, DC 20530*<br>*(202) 616-1935* |

# CERTIFICATE OF COMPLIANCE

1. This letter brief complies with the Court's September 2, 2025 order because it contains 3 single-spaced pages.

2. This letter brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), the typestyle requirements of Rule 32(a)(6), and the formatting requirements of Third Circuit Local Appellate Rule 32.1, and has been prepared in a proportionally spaced, 14-point serif typeface using Microsoft Word.

/s/ Katherine Twomey Allen  
Katherine Twomey Allen

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Third Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/ Katherine Twomey Allen
Katherine Twomey Allen