RECEIVED

SEP 2 6 2025

U.S.C.A. 3rd. CIR

# UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

**United States of America,**

**Appellant,**

**v.**

**Julien Giraud, Jr. & Julien Giraud III,**

**Appellees.**

**No. 25-2635**

— and —

**United States of America,**

**Appellant,**

**v.**

**Cesar Humberto Pina,**

**Appellee.**

**No. 25-2636**

**BRIEF OF AMICUS CURIAE FRANK EDWIN PATE**

**IN SUPPORT OF DEFENDANT–APPELLEE**

# INTEREST OF AMICUS

Amicus Frank Edwin Pate is a federal litigant who has challenged the validity of prosecutions undertaken by officials lacking lawful appointment under the Appointments Clause and 28 U.S.C. §§ 541–547. Amicus has previously filed briefing in federal courts, including in the Southern District of Florida (Mar-a-Lago litigation, March 2024) raising defects under 28 U.S.C. § 547. Amicus has a direct and continuing interest in ensuring that criminal prosecutions are carried out only by constitutionally appointed and statutorily authorized officers of the United States.

# SUMMARY OF ARGUMENT

The Constitution and Congress impose strict limits on who may wield the powers of a United States Attorney. These limits are not formalities but structural safeguards. When those limits are exceeded, the office is vacant, and all actions taken are void ab initio.

Chief Judge Brann correctly held that Alina Habba's interim appointment expired July 1, 2025, rendering her subsequent actions unlawful. The Department of Justice's attempt to salvage her authority through "Special Attorney" designations or First Assistant status is contrary to statute and precedent.

The statutory framework is clear:

- Only Senate-confirmed U.S. Attorneys under § 541,

- Assistants appointed by the Attorney General under § 542,

- and short-lived interim appointments under § 546,

  may act.

After 120 days, the district court "may" appoint under § 546(d). If it does not, the office is vacant. Congress deliberately left this gap. DOJ cannot fill it by improvisation.

This case falls squarely within two centuries of precedent from Marbury v. Madison to NLRB v. SW General. The law requires vacatur of all actions taken by improperly appointed officers.

# ARGUMENT

## I. The Appointments Clause and Congress's Scheme Are Exclusive

Article II, Section 2 of the Constitution requires Senate confirmation of principal officers. Congress implemented this through a closed statutory system:

- 28 U.S.C. § 541: U.S. Attorneys must be presidentially appointed and Senate confirmed.

- § 542: Assistant U.S. Attorneys may be appointed by the Attorney General.

- § 546: Interim appointments expire after 120 days.

- § 547: U.S. Attorneys' duties extend only to "offenses against the United States."

- 5 U.S.C. § 3331: All officers must swear the oath of office.

No one outside this scheme may exercise the powers of a U.S. Attorney.

---

## II. The "May" in § 546(d) Confirms Vacancy by Default

Section 546(d) states that after a 120-day Attorney General appointment, "the district court for that district may appoint a United States attorney."

Congress's choice of "may" has two consequences:

1. If the court does not act, the office is vacant. There is no automatic continuation.

2. Only the district court has this discretion. Neither the Attorney General nor DOJ can extend the term or re-designate the appointee.

**This reading is reinforced by precedent:**

- Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803): without commission, there is no office.

- Norton v. Shelby Cnty., 118 U.S. 425 (1886): acts of usurpers are "void, not voidable."

- NLRB v. SW General, Inc., 580 U.S. 288 (2017): acting-officer limits are absolute.

Accordingly, Habba's authority terminated July 1. The vacancy remained until filled by lawful appointment.

---

## III. Spatial Reasoning and Statutory Design

Congress's scheme resembles a carefully engineered structure. Each provision is a load-bearing beam. Section 546(d)'s "may" intentionally leaves an open span. The only actor permitted to bridge that span is the district court.

DOJ's theory—that a First Assistant or "Special Attorney" can keep the office running indefinitely—ignores the architectural design. Structural reasoning demonstrates that weight cannot be transferred without the support beam Congress specified. To proceed otherwise is to collapse the framework into vacancy.

---

## IV. Consequences of Void Authority

When an official acts without lawful appointment:

- Indictments signed are null.

- Prosecutions conducted are coram non judice.

- Convictions obtained are subject to vacatur.

This is not a technical defect but a fundamental constitutional safeguard. Ryder v. United States, 515 U.S. 177 (1995), makes clear that defendants are entitled to relief when adjudicated by improperly appointed officers. Lucia v. SEC, 585 U.S. 237 (2018), confirms that the remedy is vacatur and rehearing before a properly appointed officer.

---

## V. Precedent Across Two Centuries

- Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803).

- Norton v. Shelby Cnty., 118 U.S. 425 (1886).

- United States v. Eaton, 169 U.S. 331 (1898).

- Buckley v. Valeo, 424 U.S. 1 (1976).

- Ryder v. United States, 515 U.S. 177 (1995).

- Lucia v. SEC, 585 U.S. 237 (2018).

- NLRB v. SW General, Inc., 580 U.S. 288 (2017).

Each case reinforces the central rule: actions taken by unlawfully appointed officers are void.

---

# CONCLUSION

The statutory scheme governing U.S. Attorneys leaves no room for improvisation. When the 120-day period ended and the district court declined to act, the office was vacant. DOJ cannot fill that vacancy by designating "Special Attorneys" or relying on expired interim appointments.

This Court should affirm that Alina Habba's post-July 1, 2025 acts were void, and hold that prosecutions conducted under her authority cannot stand.

Respectfully submitted,

Frank Edwin Pate

Amicus Curiae

800 West Wintergreen Road

Hutchins TX 75141

# APPENDIX: Key Statutory Provisions

28 U.S.C. § 541 – U.S. Attorneys

Appointed by the President, with Senate confirmation.

28 U.S.C. § 542 – Assistant U.S. Attorneys

Appointed by the Attorney General, removable by the Attorney General.

28 U.S.C. § 546 – Vacancies

Interim U.S. Attorneys appointed by the Attorney General serve for 120 days. Thereafter, the district court may appoint until Senate confirmation.

28 U.S.C. § 547 – Duties

U.S. Attorneys may prosecute only "offenses against the United States."

5 U.S.C. § 3331 – Oath of Office

All officers must swear to support and defend the Constitution.



TO THIRD CRICUT COURT OF APPEALS

601 MARKET ST

PHILADELPHIA PA 19106

FedEx
Express

THU – 25 SEP 5:00P
** 2DAY **

19106
PA–US    PHL

TRK# 8846 1066 0346

Envelope

Recycle me

113.209.249.466.477
999.0

U.S.M.S.
X–RAY

