Nos. 25-2635 & 25-2636

In The

# United States Court of Appeals for the Third Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

v.

JULIEN GIRAUD, JR., JULIAN GIRAUD III, CESAR HUMBERTO PINA

*Defendants-Appellees*

On Appeal from the United States District Court for the District of New Jersey, Nos. 1:24-cr-768, 2:25-cr-436 (Brann, C.J. (M.D. Pa.))

**MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT BY *AMICUS CURIAE* ASSOCIATION OF CRIMINAL DEFENSE LAWYERS OF NEW JERSEY**

JAMES I. PEARCE[†]
SAMANTHA BATEMAN
MARY L. DOHRMANN[††]
NATHANIEL A.G. ZELINSKY
WASHINGTON LITIGATION GROUP
1717 K St Nw, Suite 1120
Washington, D.C. 20006
202-521-8750
jpearce@washingtonlitigationgroup.org

October 7, 2025                *Counsel for Amicus Curiae*

[†] *Admitted only in New York and North Carolina; practicing under the supervision of D.C. Bar Members*

[††] *Admitted only in New York; practicing under the supervision of D.C. Bar Members*

The Association of Criminal Defense Lawyers of New Jersey (ACDL-NJ) is the leader of the New Jersey criminal defense bar comprising more than 500 attorneys representing hundreds of defendants in the District of New Jersey. *See* ECF No. 117 at 2; ECF No. 112 at 2. Given the unique impact that this case has on defendants across that District, the ACDL-NJ secured counsel with specific expertise in issues related to the appointment of federal prosecutors and was granted leave to participate in oral argument by the district court, which complimented the work of counsel for the ACDL-NJ.

The ACDL-NJ respectfully moves to appear at oral argument as an *amicus curiae* in support of appellees for five minutes.[1] This modest amount of time will not unduly lengthen the proceedings and will allow the ACDL-NJ to provide the Court with arguments on behalf of the entire New Jersey defense bar. The government takes no position on this motion but states that the total time per side should be equal. Counsel for appellees consents to this motion and does not object to the government receiving additional time if the Court grants the ACDL-NJ time to participate. The Court should grant the motion.

---

[1] Consistent with the briefing order set by the Court, the ACDL-NJ filed an *amicus* brief on October 6, 2025. All parties consented to the filing of that brief. *See* Fed. R. App. P. 29(a)(2).

## I. BACKGROUND

During proceedings in the district court below challenging the validity of Alina Habba's appointment as the acting U.S. Attorney for the District of New Jersey, the ACDL-NJ sought leave to participate as *amicus curiae*, explaining that it readily satisfied the standard for *amicus* participation— that the movant has an "adequate interest," and that the proposed participation is "desirable" and "relevant to the disposition of the case," *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J., in chambers)—given its role as "the primary organized voice of the New Jersey criminal defense bar, with more than 500 members practicing daily in New Jersey's criminal courts." ECF No. 112 at 2; *see id.* at 2 n.1 (citing several significant criminal cases in which courts had grant leave for ACDL-NJ to participate as an *amicus*). After the district court set a hearing, the ACDL-NJ also sought leave to participate at oral argument. ECF No. 120.

The district court granted both motions. At the conclusion of oral argument, the district court commented that work from counsel for the ACDL-NJ was "excellent" and "very helpful" to the court. ECF No. 141 at 157.

## II. DISCUSSION

The Court should grant the ACDL-NJ leave to participate in oral argument for five minutes. This modest amount of time will allow the ACDL-NJ to provide the Court with the perspective of the entire New Jersey defense

3

community's view on the legal issues—all of whose clients are directly affected by the outcome of this appeal.

An *amicus curiae* may participate in oral argument with the court's permission. Fed. R. App. 29(a)(8).[2] Whether to permit *amicus* participation in oral argument lies within the Court's "sound discretion," and is appropriate where such participation "would be useful in deciding the issues currently before the Court." *Woodruff v. Oliver*, No. 23-cv-11886, 2025 WL 818160, at *1 (E.D. Mich. Mar. 13, 2025).

As the district court recognized, the ACDL-NJ's role as the principal voice for criminal defense attorneys in New Jersey; its extensive membership; and its members' representation of scores of federal criminal defendants directly affected by the central issue presented in this case—whether Ms. Habba is validly serving as the Acting United States Attorney for the District of New Jersey or validly filling that role by virtue of her designation as a Special Attorney—gives the ACDL-NJ a special interest in the outcome. Both in its brief and at oral argument, the ACDL-NJ will "not

---

[2] Before 1998, Rule 29 of the Federal Rules of Appellate Procedure permitted *amicus* participation in oral argument only "for extraordinary reasons," but the 1998 amendments deleted that more demanding standard. *See* 16AA Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3975.1 (5th ed. 2024). That deletion suggests that the Rule envisions that it is "preferable to err on the side of granting leave." *See Neonatology Assoc.*, 293 F.3d at 133.

4

duplicate the parties' arguments" but instead "address the broader issues and the significant impact this Court's decision will have," ECF No. 112 at 2, in a way that is both timely and useful. That alone merits hearing from the ACDL-NJ at oral argument.

The ACDL-NJ's participation at oral argument would also aid the Court's decisional process because the ACDL-NJ is uniquely positioned to address the complex issues that this case presents. The attorneys representing the ACDL-NJ in this matter have litigated challenges to the validity of federal prosecutors implicating the Appointments Clause and federal statutes. In particular, while serving at the Department of Justice, the undersigned represented the Special Counsel in *United States v. Trump*, 740 F. Supp. 3d 1245 (S.D. Fla. 2024), which involved the defendants' challenge to the Special Counsel's appointment. As a result, the undersigned has extensive familiarity with the statutory and constitutional arguments presented in this appeal.

### III. CONCLUSION

For the foregoing reasons, the Court should grant the ACDL-NJ's motion to participate in oral argument.

Respectfully submitted,

/s/ James I. Pearce
JAMES I. PEARCE†
SAMANTHA BATEMAN
MARY L. DOHRMANN††
NATHANIEL A.G. ZELINSKY
WASHINGTON LITIGATION GROUP
1717 K St NW
Suite 1120
Washington, DC 20006
202-521-8750
jpearce@washingtonlitigationgroup.org
sbateman@washingtonlitigationgroup.org
mdohrmann@washingtonlitigationgroup.org
nzelinsky@washingtonlitigationgroup.org

† *Admitted only in New York and North Carolina; practicing under the supervision of D.C. Bar Members*
†† *Admitted only in New York; practicing under the supervision of D.C. Bar Members*

*Counsel for Amicus Association of Criminal Defense Lawyers of New Jersey*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed with the Clerk using the appellate CM/ECF system on October 7, 2025. All counsel of record are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

/s/ James I. Pearce
JAMES I. PEARCE†
WASHINGTON LITIGATION GROUP
1717 K St NW
Suite 1120
Washington, DC 20006
202-521-8750
jpearce@washingtonlitigationgroup.org

† *Admitted only in New York and North Carolina; practicing under the supervision of D.C. Bar Member*

**CERTIFICATE OF COMPLIANCE**

I certify the following:

1. This motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 887 words, excluding those parts exempted by Fed. R. App. P. 32(f).

2. This brief complies with the electronic filing requirements of Local R. 31.1(c) because OpenText was run on the file containing the electronic version of this motion and no viruses were detected.

/s/ James I. Pearce
JAMES I. PEARCE†
WASHINGTON LITIGATION GROUP
1717 K St NW
Suite 1120
Washington, DC 20006
202-521-8750
jpearce@washingtonlitigationgroup.org

October 7, 2025

† *Admitted only in New York and North Carolina; practicing under the supervision of D.C. Bar Member*