# UNITED STATES COURT OF APPEALS

# FOR THE THIRD CIRCUIT

## Nos. 25-2635 & 25-2636

---

United States of America, Appellant,

v.

Julien Giraud, Jr.; Julien Giraud III, Appellees.

and

United States of America, Appellant,

v.

Cesar Humberto Pina, Appellee.

---

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF FRANK EDWIN PATE**

**IN SUPPORT OF APPELLEES AND AFFIRMANCE**

---

## I. INTEREST OF AMICUS

Frank Edwin Pate is a federal litigant who spent over a decade contesting unconstitutional prosecutions carried out by officials lacking lawful appointment under Article II and 28 U.S.C. §§ 541–547.

In his own case, the Assistant U.S. Attorney who obtained his conviction was never lawfully appointed under § 541 or § 542, resulting in ten years of imprisonment on mail-fraud counts unsupported by evidence of a federal offense or of executive authority.

Amicus has since filed submissions in other high-profile matters—including those involving Special Counsel Jack Smith in the Mar-a-Lago and District of Columbia prosecutions—where similar § 547 and Appointments Clause violations were raised.

Because this consolidated appeal raises identical structural questions about the expiration of interim U.S. Attorney appointments under § 546 and the non-delegability of § 547 duties, Mr.

Pate's experience provides a practical perspective on the constitutional and statutory defects at issue.

## II. USEFULNESS TO THE COURT

The proposed brief offers focused analysis on the 120-day limit in § 546(c), the boundaries of prosecutorial authority under § 547, and the interplay between § 546 and the Federal Vacancies Reform Act. It complements—rather than duplicates—the arguments of the parties and other amici.

Supplemental Note: On October 6, 2025, several Republican Former Members of Congress filed an amicus brief through the Society for the Rule of Law Institute addressing the same statutory issue. Amicus Pate's submission reinforces that congressional perspective with real-world evidence of how violations of §§ 546 and 547 undermine lawful prosecutions and public confidence in Article II compliance.

## III. PROCEDURAL POSTURE

Amicus filed his brief on September 30, 2025. On October 3, 2025, the Clerk issued a deficiency order requiring either party consent or a motion for leave under 3d Cir. L.A.R. 29.1(b) and Misc. 107.3. This filing cures that deficiency.

## IV. RELIEF REQUESTED

For the reasons above, Amicus Pate respectfully requests that the Court grant leave to file the attached Amicus Curiae Brief in Support of Affirmance.

Respectfully submitted,

/s/ Frank Edwin Pate

800 W. Wintergreen Road

Hutchins, TX 75141

Tel: (504) 892-4005

Email: frankedwinpate@icloud.com

Dated: October 9, 2025

---

## CERTIFICATE OF SERVICE

I certify that on October 9, 2025, I served this Motion and attached Amicus Curiae Brief upon all counsel of record through the Clerk of Court as I have no access to the ECF system and by email to any non-registered parties.

/s/ Frank Edwin Pate